**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA and BONNEVILLE POWER ADMINISTRATION, <br><br>         Plaintiffs - Appellants, <br><br>   v. <br><br> STATE OF OREGON and CLACKAMAS COUNTY, <br><br>         Defendants - Appellees. | No. 11-35184 <br><br> D.C. No. 3:10-cv-00528-HA <br><br><br> MEMORANDUM[*] |
| UNITED STATES OF AMERICA, <br><br>         Plaintiff - Appellant, <br><br>   v. <br><br> STATE OF OREGON and COUNTY OF CLACKAMAS, <br><br>         Defendants - Appellees. | No. 11-35776 <br><br> D.C. No. 3:11-cv-00452-HZ |

Appeal from the United States District Court
for the District of Oregon

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Ancer L. Haggerty, Senior District Judge, Presiding
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted October 12, 2012
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

We have jurisdiction over Case Nos. 11-35184 ("*Oregon I*") and 11-35776

("*Oregon II*"), which are consolidated for appeal, pursuant to 28 U.S.C. § 1291.

For the reasons set forth below, we affirm the district court in both cases.

## *Oregon I*

Federal courts have a "virtually unflagging" obligation to adjudicate claims

within their jurisdiction. *Colo. River Water Conservation Dist. v. United States*,

424 U.S. 800, 817 (1976); *United States v. Morros*, 268 F.3d 695, 703 (9th Cir.

2001). As such, "abstention is permissible only in a few carefully defined

situations with set requirements." *Morros*, 268 F.3d at 703 (internal quotation

marks omitted); *see also Colo. River*, 424 U.S. at 813 (noting that abstention is

proper only in "exceptional circumstances" (quoting *Cnty. of Allegheny v. Frank

Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). "We review *de novo* whether the

facts of the instant case conform to these requirements." *Morros*, 268 F.3d at 703.

"If they do, we review the district court's decision to abstain for an abuse of

discretion." *Id.*

We conclude that the facts of this case meet the "requirements" for abstention under *Levin v. Commerce Energy, Inc.*, 130 S. Ct. 2323 (2010). Like the plaintiffs in *Levin*, the plaintiffs in these consolidated cases (the "United States") bring a federal constitutional challenge to a state tax exemption. *See* 130 S. Ct. at 2328-29, 2336. In *Levin*, the Supreme Court held that abstention was appropriate based on general "[c]omity considerations" including deference to state regulation of its own tax policy. *See id.* at 2330 & n.2, 2336-37. While the plaintiffs in *Levin* were private businesses and a private citizen, *see id.* at 2328, not the United States, this distinction is not material given the *Levin* court's comity rationale. Accordingly, we reject the United States' argument that this distinction renders *Levin* inapplicable as a matter of law.

The district court did not abuse its discretion in abstaining under *Levin*. Here, like the state in *Levin*, the State of Oregon enjoys "wide regulatory latitude" over its tax policy. *See id.* at 2336. Similarly, the Oregon state courts are "better positioned than their federal counterparts to correct any violation because they are more familiar with state legislative preferences . . . ." *Id.* Indeed, the Supreme Court has shown a strong preference for allowing states to fashion their own

3

remedy once a tax is deemed discriminatory and unconstitutional. *See Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 817-18 (1989).[1]

### *Oregon II*

Because the sole relief sought in *Oregon II* is a declaration that the state tax exemption is unconstitutional, *Oregon II* implicates the *Wilton/Brillhart* abstention doctrine. The *Wilton/Brillhart* doctrine allows "district courts broad discretion [to abstain] as long as it furthers the Declaratory Judgment Act's purpose of enhancing judicial economy and cooperative federalism." *See R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (internal quotation marks omitted); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-90 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942). We reject the United States' argument that the *Wilton/Brillhart* discretionary standard does not apply and that the district court erred under the *Colorado River* "exceptional circumstances" test. *See Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366 (9th Cir. 1991) ("The *Colorado River* test . . . does not apply where the Declaratory Judgments Act, 28 U.S.C. § 2201, is involved."). Accordingly, we review the district court's decision to abstain for abuse of discretion. *Gov't Emps. Ins. Co. v.*

---

[1]Because we affirm the district court under *Levin*, we do not reach the other abstention doctrines, or the justiciability arguments, raised by the State of Oregon.

4

*Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) ("[O]ur review of a district court's decision to entertain an action under the Declaratory Judgment Act is deferential, under the abuse of discretion standard.").

The district court did not abuse its discretion in abstaining under the factors identified by the Supreme Court in *Wilton* and *Brillhart*, and by this court in *Dizol*. *See Dizol*, 133 F.3d at 1225 & n.5. The district court properly found that a number of factors weighed in favor of abstention, including the risk of duplicative litigation, forum shopping, and needless entanglement between federal and state courts. *See Smith v. Lenches*, 263 F.3d 972, 977-78 (9th Cir. 2001); *Dizol*, 133 F.3d at 1225 & n.5. This finding was supported by the fact that the United States initially had its choice of federal or state forums. The United States chose to initiate proceedings with the Oregon Department of Revenue, proceedings which are presently pending in state court on appeal. The United States only filed suit in federal district court after receiving an unfavorable declaratory ruling from the Oregon Department of Revenue.

While the predominately federal nature of the United States' claim, and its status as the plaintiff in this case, arguably weigh in favor of retaining jurisdiction, they are insufficient to demonstrate that the district court abused its discretion. This is especially true given the Supreme Court's preference for allowing state

5

courts to fashion their own remedy for discriminatory taxation. *See Levin*, 130 S. Ct. at 2333-35 & n.11; *Davis*, 489 U.S. at 817-18.

**AFFIRMED**